IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal No. **3:24-CR-416-L** |
| | § | |
| **NAASSON HAZZARD** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Naasson Hazzard's ("Defendant" or "Mr. Hazzard") Motion to Dismiss Indictment ("Motion") (Doc. 25), filed on October 18, 2024. Defendant seeks dismissal of Count One of the Indictment, which charges him with kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1), and he contends that the offense he is charged with, as applied to him, exceeds Congress's powers under the Commerce Clause. The Government opposes the Motion. After careful review of the Motion, Government's response, and applicable law, the court **denies** Defendant's Motion for the reasons herein explained.

**I.  Background**

On October 1, 2024, the Government filed a one-count Indictment (Doc. 16) against Mr. Hazzard. The one-count Indictment alleges that on or about August 15, 2024,  Mr. Hazzard, did willfully and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold Adult Victim 1 for some reward, purpose, and benefit, and in committing and in furtherance of the commission of the offense, the defendant used any means, facility, and instrumentality of interstate and foreign commerce, which resulted in the death of Adult Victim 1 ("AV1").

## II.     Legal Standard

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A court may grant a motion to dismiss an indictment if the defect is essentially a question of law. *United States v. Banks*, 339 F.3d 267, 269 (5th Cir. 2003). Motions to dismiss that test the interpretation of a statute are such questions of law that are proper for the court to review. *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) ("The propriety of granting a motion to dismiss an indictment . . . by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact . . . . If a question of law is involved, then consideration of the motion is generally proper.") (citation omitted).

## III.    Analysis

18 U.S.C. § 1201(a)(1) provides:

> **(a)** Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when—
>> **(1)** the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense . . . .

Defendant contends that Count One of the Indictment should be dismissed because there are limits to Congress's Commerce Clause powers and this law exceeds the limitations; the alleged crime is wholly intrastate and not interstate; and the statute amending section 1201(a)(1) did not specifically identify a cellular phone or a GPS system as an instrumentality in its plain text. Def.'s Mot. to Dismiss *passim*. He acknowledges that this court and the Fifth Circuit have previously

rejected this argument, and these holdings have not been overturned. Defendant, nevertheless, requests the court revisit this issue as it applies to the facts in this case. *Id.* at 3. (citing *United States v. Mitchell*, 2013 WL 5377869 (N.D. Tex. 2013), *aff'd* 732 F. App'x 298 (5th Cir. 2018); *United States v. Marek*, 238 F.3d 310 (5th Cir. 2001)); and *United States v. Margarito-Casimiro*, 667 F. App'x 130, 130 (5th Cir. 2016)).

Further, Defendant contends that the court should revisit this issue because there have been advances in technology since this issue was decided by this court in 2013. *Id.* He contends that the use of GPS is so common now because most cars and cell phones now have built-in GPS devices built in. *Id.* Moreover, Defendant also contends that the allegations made by the Government suggest that the entirety of the events happened completely within the State of Texas and that this is a wholly intrastate kidnapping rather than an interstate. *Id.* at 4. He further contends that the Government has not shown that either device was being actively used to further the alleged kidnapping as opposed to the devices merely being passively switched on, which he argues is not enough to transform a state crime into a federal crime. *Id.*

Second, he contends that the evidence presented by the Government does not show that there is proper federal jurisdiction. *Id.* (citation omitted). Defendant contends that the statute in question is similar to the one that was struck down in the *Lopez* case because it does not have anything to do with commerce itself. *Id.* (citing *United States v. Lopez*, 514 U.S. 549, 558-559 (1995)). Finally, he contends that the statute that amended the kidnapping statute did not specifically identify a cellular phone or a GPS system as an instrumentality in its plain text.

In its response (Doc. 34 at 3), the Government contends that section 1201(a)(1) is constitutional as applied to Mr. Hazzard. It contends that it is well-settled law that Congress did not exceed its Commerce Clause authority, and the Fifth Circuit confirmed this in *Marek* and held

that "Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities." *Id.* at 4 (citing *Marek*, 238 F.3d at 317 (internal quotation marks and citation omitted) (emphasis added)). The Government contends that there are two reasons section 1201(a)(1) applies to this case. *Id.* at 5. First, the Government contends section 1201(a)(1) applies because he used a "cell phone—a facility of interstate commerce—to further the commission of his kidnapping offense." *Id.* (citing *Margarito-Casimiro*, 667 F. App'x 130, 130 (5th Cir. 2016)). Second, the Government contends section 1201(a)(1) applies because Defendant "used his blue semi-truck to pick up AV1, drive her to East Texas, and dump her dead body." *Id.* The Government contends that this statute applies because "he used his semi-truck—a facility of interstate commerce—to facilitate his kidnapping of AV1, resulting in her death." *Id.*

The court agrees with the Government. The Supreme Court has identified three broad categories of activity that Congress is permitted to regulate under its commerce power. First, Congress can regulate "the use of the channels of interstate commerce." *Lopez,* 514 U.S. at 558. Second, Congress may regulate "the instrumentalities of interstate commerce, or persons or things in interstate commerce." *Id.* Third, Congress may regulate those activities that "substantially affect interstate commerce." *Id.* at 558-59.

Moreover, the Supreme Court has held as follows:

> Congress's authority under the Commerce Clause "is not confined in its exercise to the regulation of commerce among the states. It extends to those activities intrastate which so affect interstate commerce, or the exertion of the power of Congress over it, as to make regulation of them appropriate means to the attainment of a legitimate end, the effective execution of the granted power to regulate interstate commerce."

*Wickard v. Filburn*, 317 U.S. 111, 124, (1942). As the Fifth Circuit aptly stated, "*Wickard* long ago established, and *Lopez* . . . reaffirmed, that Congress may regulate wholly intrastate activities

that substantially affect interstate commerce." *United States v. Ho*, 311 F.3d 589, 601-02 (5th Cir. 2002). Further, "telephones, the Internet, and hotels that service interstate travelers are all means or facilities of interstate commerce sufficient to establish the requisite interstate nexus." *United States v. Phea*, 755 F.3d 255, 266 (5th Cir. 2014) (citations omitted).

Defendant asserts the statute that amended the kidnapping statute did not specifically identify a cellular phone or a GPS system as an instrumentality in its plain text; however, this argument misses the mark, as Defendant misapprehends Congress's power under the Commerce Clause. "Section 1201(a)(1) was broadened in 2006 to include intrastate activity if the offender uses 'any . . . instrumentality of interstate . . . commerce in committing or in furtherance of the commission of the offense.'" *United States v. Gonzales*, No. 21-10631, 2022 WL 1421032, at *1 (5th Cir. May 5, 2022) (quoting Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 213, 120 Stat. 587, 616 (codified at 18 U.S.C. § 1201(a)(1)).

Section 1201(a)(1) includes a jurisdictional element as required by the Commerce Clause, and because of this, Congress is well within its Commerce Clause powers. Further, the facts in the Complaint allege that Mr. Hazzard used his truck and cell phone to facilitate the kidnapping of AV1. In the Complaint, the Government alleges that Defendant used his cellphone to communicate with AV1 on at least thirteen occasions between August 13 and 14, 2024, the days leading up to her disappearance. Doc. 34 at 5. The Government also alleges that Defendant used his semi-truck to pick up AV1, drive her to East Texas, and dump her body. *Id.* The facts alleged in the Complaint are sufficient to overcome Defendant's Commerce Clause challenge.

Finally, his argument is foreclosed, and even if the court were inclined to deviate from precedent, which it *does not* do, there has been nothing in recent Fifth Circuit or Supreme Court's authority that has unequivocally overruled its earlier decisions. *See United States v. Petras,* 879

F.3d 155, 164 (5th Cir. 2018) (Fifth Circuit holding that the Court's decision "must unequivocally overrule prior precedent . . . ."); s*ee also United States v. Marek*, 238 F.3d 310, 318-19 & n.35 (5th Cir. 2001) (en banc) (noting that the interstate nexus requirement for federal crimes is satisfied by the wholly intrastate use of a telephone); and *United States v. Phea*, 755 F.3d 255, 266 (5th Cir. 2014) (recognizing that "the Internet, and hotels that service interstate travelers are [also] means or facilities of interstate commerce sufficient to establish the requisite interstate nexus").

### IV.     Conclusion

The previous rulings of this court, the Fifth Circuit, and the Supreme Court have made it clear that Congress did not exceed its Commerce Clause authority by enacting 18 U.S.C. § 1201(a)(1). The court **concludes** that Mr. Hazzard's challenge is foreclosed by existing precedent. Accordingly, the court **denies** Defendant's Motion (Doc. 25).

**It is so ordered** this 20th day of November, 2024.

_____
Sam A. Lindsay
United States District Judge