UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 3:24-CR-416-L |
| | § | |
| NAASSON HAZZARD | § | |

## DEFENDANT'S BRIEF REGARDING IMPEACHMENT EVIDENCE AGAINST GOVERNMENT WITNESS

TO THE HONORABLE SAM A. LINDSAY, UNITED STATES DISTRICT JUDGE FOR THE NORTHERN DISTRICT OF TEXAS:

Comes Now NAASSON HAZZARD, the Defendant in the above styled and numbered cause and submits this Brief regarding an item raised by the Government in their Trial Brief as well as at the pre-trial conference. See Docs. 70 Sec. IX, 75. The Defendant would show as follows:

### I.

### Background

The Defendant stands accused in a one count Indictment of Kidanpping Resulting in Death in violation of 18 U.S.C. § 1201(a)(1). Doc. 16. On January 6, 2025, the Government disclosed that one of the civilian witnesses on their witness list was previously convicted of "involuntary manslaughter, felony". The case was disposed of on April 21, 1993 and the Government noted that this was intoxication manslaughter before that was an official charge. That same day, the undersigned informed the Government that pursuant to Fed. R. Evid. 609(b)(2), notice was given that the defense intended to use this prior conviction in cross examining the witness in question.

On January 14, 2025, the Government produced certified copies from the criminal case in

question regarding the witness. The certified copies indicate that the witness was responsible for the deaths of not one, but three women as a result of his driving a car while intoxicated. This is the same civilian witness who the Government alleges discovered AV1's body at a time when law enforcement were actively searching the area for it.

At the pre-trial conference the Court indicated that if the Defendant wanted to cross examine the witness with regards to the conviction it would be an uphill climb and suggested that the matter be briefed ahead of time. Therefore, the Defendant submits the following briefing.

## II.

## Brief

Generally speaking, a witness cannot be impeached with a prior conviction that is more than ten years old. See Fed. R. Evid. 609(b). Evidence of a conviction that old is only admissible if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and "the proponent gives adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use". See Fed. R. Evid. 609(b)(1) and (2).

With regards to the notice requirement found at Fed. R. Evid. 609(b)(2), the Defendant has met this standard. The Defendant put the Government on notice that it intended to use the evidence to impeach the witness on the same day that the Government informed the Defendant of the conviction. Additionally, the Government had adequate time to contest its use as evidenced by the fact that they did so both in their Trial Brief and at the pre-trial conference. See Doc. 70 Sec. IX, 75. Therefore, the Defendant need only meet the requirement found at Fed. R. Evid. 609(b)(1).

After researching Supreme Court and Fifth Circuit case law, at this time the Defendant is not aware of any binding case law that would require the Court to allow cross examination of this

civilian witness on this prior conviction due to the general prohibition found at Fed. R. Evid. 609(b). See also *United States v. Bibbs*, 564 F.2d 1165, 1170 (5th Cir. 1977) (discussing that trial judges should be extremely cautious in admitting such evidence). However, the Defendant would still contend that cross examination on this topic may be warranted depending on how the witness testifies during the trial.

In *United States v. Lopez*, 979 F.2d 1024, 1033 (5th Cir. 1992), the defendant in a drug case testified to his innocence and implied that he had never been in contact with drugs. On cross-examination the government asked the defendant whether he had ever personally seen marijuana. He answered that the had not. The prosecution then offered in rebuttal, and the trial court admitted, the defendant's fifteen year old conviction for possession of marijuana. The jury was given a limiting instruction. The court of appeals held that the government's questioning as to the defendant's knowledge of marijuana was permissible and did not go beyond the scope of direct examination. The court also held that Rule 609 did not apply because that has nothing to say about "the admissibility of relevant evidence introduced to contradict a witness' testimony as to a material issue". The court reasoned that the admissibility of the remote conviction should be determined under Rule 403, rather than under the more exclusionary balancing test of Rule 609(b). The First Circuit adopted a similar approach when allowing a defendant who testified that he had never possessed a gun in his life to be impeached with a prior conviction that contradicted that testimony despite the prior conviction being twenty nine years old. See *United States v. Norton*, 26 F.3d 240 (1st Cir. 1994).

While it is not known prior to the civilian witness' testimony whether or not this exception to the application of Rule 609(b) will be applicable in this case, the Defendant files this Brief to notice the Court of this possibility should it arise. If the Defendant believes that this exception has

been triggered, he will ask to approach the bench prior to asking a direct question regarding the prior conviction in the presence of the jury.

Respectfully Submitted,

*/s/ Paul T. Lund*

_____

Paul T. Lund
State Bar No. 24070185
900 Jackson Street, Suite 330
Dallas, Texas 75202
Phone: 214-871-4900
Fax: 214-613-1067
Attorney for Defendant
Naasson Hazzard

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading was delivered by ECF filing to Brandie Wade, the Assistant United States Attorney in charge of this case, on this the 20th day of January 2025.

*/s/ Paul T. Lund*

_____

PAUL T. LUND