IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.  3:24-CR-416-L |
| v. | |
| NAASSON HAZZARD | |

### GOVERNMENT'S RESPONSE TO HAZZARD'S AMENDED OBJECTIONS TO GOVERNMENT'S EXHIBITS

Hazzard's amended objections are meritless and should be overruled.

**1.     This Court should overrule Hazzard's objections to the autopsy and similar reports.**

Hazzard objects to the reports as hearsay, but caselaw holds that such reports fall within two well-recognized hearsay exceptions.  He also seeks exclusion under Federal Rule of Evidence 403, but his arguments are unsupported by relevant authority and fall flat.  This Court should overrule his objections.

**A.     The Fifth Circuit has long recognized that autopsy and similar reports fall within the business records exception to the bar against hearsay.**

Hazzard moves to exclude GX 62, 64, 67, and 70-72 on hearsay grounds.  (Dkt. No. 82 at 3.)  Those exhibits are various reports prepared at the Southwestern Institute of Forensic Sciences at Dallas ("SWIFS"), including GX 62 (the medical examiner's autopsy report); GX 64 (the anthropologist's report); GX 67 (the toxicology analysis test report); and GX 70-72 (the serology and DNA test reports).  The government notes that each report will be introduced through its author and/or an expert witness.  Because the

reports fit into firmly rooted hearsay exceptions, and because they are independently admissible under Rule 703, this Court should overrule Hazzard's objection.

The Fifth Circuit has explained that autopsy reports fall within the business-record exception to the bar against hearsay, Federal Rule of Evidence 803(6). *See Fields v, City of South Houston*, *Tex*., 922 F.2d 1183, 1191 n.9 (5th Cir. 1991). Other Circuit courts are in accord, *see, e,g. United States v. Feliz*, 467 F.3d 227, 234-35 (2d Cir. 2006)[1]—and have held that such records are independently admissible under the public-records exception codified in Federal Rule of Evidence 803(8), *see id.* at 237. Because GX 62, 64, 67, and 70-72 are business records and public records, this Court should overrule Hazzard's hearsay objection.[2]

Nor is there merit to Hazzard's specific objection to GX 62, and what he deems the "rank" "double hearsay." (Dkt. No. 82 at 2.) Hazzard speculates that the ME's findings—i.e., that AV-1 died from "homicidal violence"—"regurgitates" inadmissible hearsay. (*See* Dkt. No. 82 at 2.)[3] But the challenged statements are not hearsay within hearsay because they are not admitted for their truth. What Hazzard claims is "rank hearsay" is in fact the ME's list of considerations supporting the conclusion that AV-1's death was "homicidal violence." (*See* GX 62 at 5.) These statements are admissible to

---

[1] As the Eight Circuit has made clear, a "death certificate and autopsy report [are] both admissible into evidence without redactions as business records under Federal Rule of Evidence 803(6)." *Wood v. Valley Forge Life Ins. Co.*, 478 F.3d 941, 946 (8th Cir. 2007).

[2] Hazzard cites *United States v. Orellana-Blanco*, 294 F.3d 1143 (9th Cir. 2002). (Dkt. No. 82 at 2.) That case is inapposite as it involved "one thing, admission of" an INS form prepared by an officer who did not testify. *Id.* at 1148.

[3] The ME's finding of "homicidal violence" is a ruling made by the ME's office with a unique meaning to that office. It is not based upon any law enforcement determination or statement to that effect.

show the universe of information the ME considered, not for the *truth* of the statements set out in the list. Hazzard casts these statements as hearsay-within-hearsay, but he is wrong.

Moreover, exclusion—or redaction—is inappropriate here. The ME will testify about the preparation of the report as an expert witness under Federal Rule of Evidence 702. (*See* Dkt. No. 49 at 8-9.) "Rule 703 allows an expert to base his testimony on otherwise inadmissible hearsay evidence." *United States v. Lockhart*, 844 F.3d 501, 511 (5th Cir. 2016). As such, the ME can rely on hearsay statements in the autopsy report, and those statements are not excludable on that basis. As the Fifth Circuit has explained:

> Expert witness testimony is a widely recognized exception to the rule against hearsay testimony. It has long been the rule of evidence in the federal courts that an expert witness can express an opinion ... even though his opinion is based in part or solely upon hearsay sources. The rationale for this exception to the rule against hearsay is that the expert, because of his professional knowledge and ability, is competent to judge for himself the reliability of the records and statements on which he bases his expert opinion. Moreover, the opinion of expert witnesses must invariably rest, at least in part, upon sources that can never be proven in court. An expert's opinion is derived not only from records and data but from education and from a lifetime of experience. Thus, when the expert witness has consulted numerous sources, and uses that information, together with his own professional knowledge and experience, to arrive at his opinion, that opinion is regarded as evidence in its own right and not as hearsay in disguise.

*United States v. Williams*, 447 F.2d 1285, 1290 (5th Cir. 1971). "[M]any government reports, as with many expert witnesses, have to rely in part on hearsay evidence, and the reports are not generally excluded for this reason." *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1309-10 (5th Cir. 1991); *see also United States v. Seale*, 600 F.3d 473, 491 (5th Cir. 2010) ("[E]xperts are permitted wide latitude in choosing what data they

rely on in forming their opinions, including those that are not based on first hand knowledge or observation."). Hazzard's hearsay objections are meritless.

### B. The exhibits are highly probative and not excludable under Rule 403.

In the alternative, Hazzard claims that the Court should exclude the SWIFs reports under Rule 403. Federal Rule of Evidence "401 defines 'relevant evidence' as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Clark*, 577 F.3d 273, 278 (5th Cir. 2009). "Rule 403 limits the admissibility of relevant evidence, explaining that '[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Id.* at 287.

The Fifth Circuit has repeatedly cautioned that trial courts should exclude otherwise relevant evidence under Rule 403 "sparingly." *Id.*; *see also United States v. Caldwell*, 820 F.2d 1395, 1404 (5th Cir. 1987). Thus, when reviewing a sustained objection under Rule 403, the Fifth Circuit looks at "the evidence in the light most favorable to the proponent, maximizing its probative value and minimizing its prejudicial effect." *Clark*, 577 F.3d at 278 (internal quotation marks omitted).

Here, Hazzard is on trial for kidnapping resulting in AV-1's death, and the SWIFs reports he seeks to exclude are incredibly probative of how AV-1 died. Those reports show that AV-1's toxicology results uncovered no drugs in her system, (GX 67); the possibility of acute and remote trauma to AV-1, (GX 64); and the ME's conclusion that

**Government's Response to Hazzard's Amended Objections to Government's Exhibits—Page 4**

AV-1 died of "homicidal violence," (GX 62). As such, they are highly probative of whether AV-1 was killed by another person. That fact, of course, is likewise highly probative of whether Hazzard kidnapped—and killed—AV-1.

In addition to the reports' conclusions, the existence of the reports themselves is probative of the thorough and careful investigation into AV-1's death. Hazzard hopes to exclude the reports themselves as cumulative of the expert witnesses' testimony (which he does not challenge), thereby leaving the jury with the false impression that they did not contemporaneously record their findings or prepare reports. Unsurprisingly, Hazzard cites no case where a district court has excluded such highly probative evidence under Rule 403—let alone a ruling affirmed by the Fifth Circuit. This Court should overrule his objection.

## 2. This Court should overrule Hazzard's objection to GX 84.

Hazzard's objections to GX 84 strain credulity. A timeline is an appropriate illustrative aid if it reflects the testimony at trial. The use of GX 84 is governed by Federal Rule of Evidence 107, which provides:

> (a) Permitted Uses. The court may allow a party to present an illustrative aid to help the trier of fact understand the evidence or argument if the aid's utility in assisting comprehension is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay or wasting time.

Rule 107 makes clear that illustrative aids are not evidence and as such are not provided to the jury for deliberations unless both parties consent, or "the court, for good cause, orders otherwise." Fed. R. Evid. 107(b).

Hazzard argues that this Court should exclude—or modify—GX 84, claiming that it misrepresents the evidence. For example, Hazzard claims that the evidence shows only that a screenshot was taken on Roxana's phone but does not clearly indicate that it was Roxana who took the screen shot. His arguments ignore the fact that Roxana admitted to law enforcement that *she* took the screen shot. They also ignore that Rule 107 permits the government to use a timeline to help the jury understand the evidence *and* the government's arguments. Here, there is no evidence that anyone other than Roxana, Hazzard, or AV-1 was controlling their own phones when they took the actions described in GX 84. And Hazzard has produced no evidence that phones take their own screenshots. While Hazzard is free to argue otherwise to the jury, this Court should not sanction his attempt to exclude GX 84.

### 3.     Hazzard's Google records and own searches are not "hearsay."

Hazzard seeks to exclude his incriminating Google records as hearsay. (Dkt. No. 82 at 5-6.) His argument fails for numerous reasons.

*First*, he has pointed to no out-of-court statement being offered for the truth of the matter asserted. GX 92 contains few, if any, statements that can be characterized as such; rather, that exhibit deals only with Hazzard's payment records, other emails connected with the account and deleted search history. To the extent that Google's recording of these actions constitutes a statement, those statements are admissible under the business records exception—a fact that Hazzard does not dispute. As for Hazzard's specific objection to references to incriminatory Google searches—what he calls a "query" into "what the possible punishment for a crime is," Dkt. No. 82 at 6—the statements are not

being admitted for their truth but rather to show Hazzard's guilty mind. These records contain no inadmissible hearsay, so his objection fails.

*Second*, his argument overlooks the fact that *he* is the one who made those searches. At trial, the government will produce evidence showing that Hazzard controlled the Google account. Thus, even if the Google searches could be considered out-of-court statements admitted for their truth (they are not), they fall outside of the definition of hearsay contained in Federal Rule of Evidence 801(d)(2). A defendant's statements "are admissible non-hearsay as statements of a party-opponent." *United States v. Robinson*, 87 F.4th 658, 673 (5th Cir. 2023). Hazzard's internet searches are his own, meaning they are not hearsay.

**4.     This Court should admit the government's Rule 404(b) evidence regarding J.M., mooting Hazzard's final objection.**

In his final objection, Hazzard argues that if the Court excludes the government's 404(b) evidence, then GX 96-99 will become irrelevant. Hazzard's objections implicitly acknowledge that if the Court allows the government to introduce evidence concerning Hazzard's prior interactions with J.M., then the exhibits will be relevant. This Court should admit the exhibits for the reasons set out in Dkt. No. 52, and overrule Hazzard's objection.

Respectfully submitted,

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

 /s/ *Renee M. Hunter*
RENEE M. HUNTER
Assistant United States Attorney
Texas State Bar No. 24058350
Renee M. Hunter
Assistant United States Attorney
Texas State Bar No. 24072942
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8600
Facsimile:  214-659-8734
Email: renee.hunter@usdoj.gov