UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 3:24-CR-416-L |
| | § | |
| NAASSON HAZZARD (01) | § | |

### MOTION FOR JUDGMENT OF ACQUITTAL, MOTION FOR NEW TRIAL AND AUTHORITIES IN SUPPORT THEREOF

TO THE HONORABLE SAM A. LINDSAY, JUDGE, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION:

Comes Now NAASSON HAZZARD, the Defendant in the above styled and numbered cause and pursuant to Rules 29 and 33, Fed. R. Crim. Pro., and submits his motion for judgment of acquittal or, in the alternative, his motion for new trial for Count 1 and in support thereof would show the Court as follows:

**I.**

**Procedural Background**

At the conclusion of the Government's case in chief, the Defendant generally objected that the evidence was insufficient to support a verdict of guilty beyond a reasonable doubt in regards to the sole count of the indictment. The Court denied the Defendant's motion at that time, and again denied the motion after it was renewed at the close of all evidence. The jury then returned a verdict of guilty on Count 1. Doc. 105. The verdict was delivered on February 4, 2025.

Within fourteen days of the jury verdict, a Defendant may file a motion seeking a judgment of acquittal after being convicted by a jury as to any individual count. Fed. R. Crim. Pro. Rule

29(c)(1). The Court may then set aside a guilty verdict and enter an acquittal as to any individual count. Fed. R. Crim. Pro. Rule 29(c)(2). Similarly, the Court may also vacate a guilty verdict as to any individual count and order a new trial if the interest of justice so requires. Fed. R. Crim. Pro. Rule 33(a). As this motion is being filed on February 13, 2025, it is considered timely filed.

## II.

## Standard for Ruling on Rule 29 Motion

The standard to be employed by a trial judge in ruling on a Rule 29 motion for judgment of acquittal is the same as that employed by an appellate court in determining legal sufficiency of the evidence. *United States v. Hernandez-Bautista*, 293 F.3d 845, 852-53 (5th Cir. 2002). The trial court must determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original); *United States v. Harris*, 420 F.3d 467, 470 (5th Cir. 2005); *United States v. Hernandez-Bautista*, supra. In doing so a court must consider all of the evidence in the light most favorable to the government by drawing all reasonable inferences in support of the verdict. *Id.*; *United States v. Ortega Reyna*, 148 F.3d 540, 543 (5th Cir. 1998). A conviction must be reversed if the evidence is such that a reasonably minded jury must have a reasonable doubt as to the existence of any element of the crime, or the evidence gives equal or nearly equal circumstantial support to a theory of guilt as to a theory of innocence of the crime charged. *United States v. Harris*, *supra* at 471; *United States v. Hernandez-Bautista*, *supra*; *United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995); *United States v. Jaramillo*, 42 F.3d 920, 923 (5th

Cir. 1995); *United States v. Hernandez-Bautista*, *supra* at 853.[1]

In ruling on a motion for acquittal the role of the district judge is not to weigh evidence or consider the credibility of the witnesses, but rather to determine whether the government has presented evidence on each element sufficient to support a jury verdict. *United States v. Chavez*, 230 F.3d 1089, 1091 (8th Cir. 2000). The court must view the evidence as a whole, and is not limited to drawing inferences from the evidence in favor of the verdict, but must consider whether the evidence supports a theory of innocence. *United States v. Schuchmann*, 84 F.3d 752, 754 (5th Cir. 1996); *United States v. Belt*, 574 F.2d 1234, 1239 (5th Cir. 1978); *United States v. Harris*, *supra*. If the evidence viewed in the light most favorable to the prosecution "gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, the conviction should be reversed." *See e.g.*, *United States v. Schuchmann*, 84 F.3d 752, 754 (5th Cir. 1996)(quoting *United States v. Pennigton*, 20 F.3d 593, 597 (5th Cir. 1994)). In fact, the Court in viewing the evidence under the above standard is required to grant a motion for acquittal "when the evidence viewed in the light most favorable to the Government is so scant that the jury could only speculate as to Defendant's guilt. The test is whether a reasonably minded jury must have had a reasonable doubt as to the existence of any of the essential elements of the crime..." *United States v. Herberman*, 583 F.2d 222, 231 (5th Cir. 1978).

---

[1]The undersigned acknowledges that the 5th Circuit has abrogated certain decisions with regards to the so called "equipoise rule" holding that this rule is not appropriate for the 5th Circuit in reviewing convictions based on the sufficiency of the evidence. *See U.S. v. Vargas-Ocampo*, 747 F.3d 299 (5th Cir. 2014). However, the Court also noted in *Vargas-Ocampo* that the holding of Jackson was not "toothless" and that "courts remain empowered to consider, for instance, whether the inferences drawn by the jury were rational... and whether the evidence is sufficient to establish every element of the crime". *Id*. at *2.

**MOTION FOR JUDGMENT OF ACQUITTAL, MOTION FOR NEW TRIAL AND AUTHORITIES IN SUPPORT THEREOF** Page - 3

### III.

**Rule 29 Motion for Judgment of Acquittal: Insufficient Evidence as to Count 1**

At the close of the government's case and at the close of all evidence, Defendant moved for a judgment of acquittal pursuant to Fed. R. Crim. Proc. 29(a). The Defendant hereby adopts and re-urges in support of this Motion all of the previously made factual and legal arguments made in support of their oral Rule 29(a) motion.

The evidence in the trial made perfectly clear that AV1 entered into the Defendant's truck voluntarily on August 15, 2024. Specifically she was standing within feet of numerous other women at the time the Defendant pulled up to her. She then looked at his truck, looked towards where the driver was, and then when the passenger door opened she could see clearly who was driving. At that point, she climbed multiple steps up to get into the cab of the truck and then sat down and closed the door. Her consent to entry could not have been any clearer. Instead, the Government relied at trial on a theory of inveiglement - that her consent must have been withdrawn at some later point as she was not returned to the same location. However that theory is nothing more than an assumption of facts that were not introduced as evidence at trial. There was no reliable evidence what so ever demonstrating that she affirmatively revoked her consent to be in the Defendant's truck and therefore that element of the offense was not proven beyond a reasonable doubt. As the 5th Circuit has previously noted, consent is a complete defense to an allegation of kidnapping,[2] and given that there was consent in this case, no reasonable jury could have found beyond a reasonable doubt that it was withdrawn based on the evidence.

---

[2] See *Hattaway v. United States*, 399 F.2d 431, 433 (5th Cir. 1968); *Chatwin v. United States*, 326 U.S. 455, 464 (1946); *United States v. Redmond*, 803 F.2d 438, 439 (9th Cir. 1986).

The Government argued that they believe she was intending to come back to her car, however that cannot be proven beyond a reasonable doubt because it assumes that she either did not change her mind or that she was acting rationally. Evidence at trial indicated that she had numerous serious mental health diagnoses and it was not clear that she was properly medicated for them as evidenced by her decision to leave her one year old in the custody of others in order to come to a different city to continue to engage in commercial sex trafficking. The Government in their closing argument argued that this implied desire to return to the parking lot also meant that he was "confined" which is belied by the evidence. Specifically that the truck that AV1 was located in was not in continuous motion and instead made numerous stops between leaving the Dairy Milk lane location and entering the freeway. At any one of those brief stops, she could have simply exited the truck and there is no evidence what so ever to indicate that she would have been prohibited from getting out of the truck at that time. Therefore, they did not establish that he was confined.

The Government argued that they believe the evidence that AV1's cell phone ended up on Interstate 635 showed that she revoked her consent based on generic testimony that commercial sex workers generally do not like to leave their phones and her family's testimony that AV1 generally had her phone with her. However that does not establish proof that her phone was taken from her by the Defendant, nor does it establish proof that he was the one that threw it out the window. Instead, the Government's own witnesses acknowledged that they could not determine if the phone was thrown or dropped out of the truck nor if it exited the truck form the passenger side or the driver's side of the truck. Instead, their witnesses acknowledged that no fingerprints were recovered from the phone demonstrating a lack of evidence associating the Defendant with that phone ending up on the side of the highway.

The Government argued that the black plastic bag found over her head indicated a lack of consent to being in the Defendant's presence. However the evidence indicated that the Defendant's DNA was not on that bag meaning that there is nothing to associate him with that specific bag or any of her other remains aside from the location data introduced for that general rural area. The Government's own witnesses also testified that they could not determine if the bag was placed over her head before or after she died - meaning that there is insufficient reliable evidence to believe the bag had anything to do with her death or her revoking consent as it could have been placed on her post mortem. The Government also in their closing argument argued that AV1 was seized based on the bag over her head but this argument is not supported by the same evidence that indicates it is unknown if the bag was placed over her head before she died and that there was not DNA from the Defendant on the bag.

The Government also failed to prove that the venue for the alleged kidnapping in this case was in the Northern District of Texas rather than the Eastern District of Texas. While the Government's burden of proof on this point is only by preponderance of the evidence, their own arguments show that they are not sure whether or not consent was revoked in the Northern or Eastern districts of Texas because they argue in part that the bag over AV1's head showed the lack of consent but their only evidence of the bag being over her head was when she was located in the Eastern District of Texas. Accordingly, the Government did not satisfy their burden of proof with regards to this element of the offense.

The Government also failed to prove beyond a reasonable doubt that the Defendant acted for some reward, purpose, or benefit as required by law. The Government essentially conceded in their closing argument that they don't know what the reward, purpose, or benefit was by first pointing out

to the jury that they did not have to be unanimous on what the reward, purpose, or benefit was. Instead, the Government threw out more assumptions which were not supported by the evidence when they asserted that maybe the Defendant wanted to kill her, or maybe he wanted a sex act that she wouldn't provide, or to keep her quiet. The Government had every opportunity to prove that the Defendant murdered the AV1 and they specifically did not allege that he did for a clear and obvious reason - there is no *evidence* that he did. There was no evidence at trial of the Defendant having a murderous intent or having desired ahead of time to cause the death of AV1. There was however evidence that the two were parked on Dairy Milk road long enough for a commercial sex act to have taken place. There was also evidence that the only specific commercial sex act that the Defendant asked about was one that she specifically advertised for[3] and while AV1 appeared to not appreciate the low offer for that service of $17, she did willingly get in his truck on August 15th when he came back with more money. Finally the Government speculated that maybe the Defendant kidnapped and killed AV1 to keep her from talking to his wife which makes no sense when considering that his wife already knew about her and had ample opportunity to contact her on the phone. In addition to there being no evidence that the Defendant did kill AV1, there was no reliable evidence that he did so for a specific reward, purpose, or benefit and the jury's verdict cannot properly rest only on the Government's speculation on this point.

With regards to the Government's requirement to prove a connection to interstate commerce for this alleged offense, the Defendant would re-urge his previously denied Motion to Dismiss and rely on the arguments therein. See Doc. 25.

---

[3] Agent Stewart testified what "water sports" meant and that definition is consistent with the text message the Defendant sent to her after their August 12th meeting.

Finally the Government failed to prove beyond a reasonable doubt that it was the Defendant's actions that resulted in AV1's death. The Government's own witnesses indicated that in this case they "cannot exclude" as a cause of death asphyxiation or suffocation due to the presence of a garbage bag as well as the single break of a small bone. Yet those same witnesses also acknowledge that they do not know if the garbage bag was placed on AV1 before or after she died, and that it is unclear if the bone was broken before or after she died. In other words, there is no proof that either of those two factors happened before she died and therefore there is no reliable evidence that her death resulted from either action. Failing to exclude the possibility of a death resulting from some conduct is not the same and proving beyond a reasonable doubt that the conduct resulted in the death. Instead the only reason that the death was ruled a homicide was because of the information that was provided to the medical examiner from law enforcement and that being used as a starting point of assuming it was a homicide and then working backwards to try and reverse engineer a cause of death from that point. This is why the Government to this very day cannot say how she died and if they cannot say how she died, then it is clear that no jury could have legally concluded that she died because of the actions of the Defendant. The Government failed to meet their burden or proof as to this element.

The Government's theory of inveiglement rests on a series of assumptions which were not reliable evidence that a jury could reasonably base a verdict on. Additionally, the Government failed to prove that the Defendant acted specifically for any reward, purpose, or benefit. Finally where even the Government cannot say how AV1 died, no rational trier of fact could have concluded that the cause of death was due to the Defendant's actions. Instead, the jury was swayed not by the evidence in this case but by the tragic end of AV1's young life and a human need to assign blame for that

**MOTION FOR JUDGMENT OF ACQUITTAL, MOTION FOR NEW TRIAL AND AUTHORITIES IN SUPPORT THEREOF** Page - 8

result. No witness, exhibit, or other piece of evidence provided proof beyond a reasonable doubt that the Defendant committed each of the elements of the offense. Without particular testimony or evidence to establish these elements, the Government did not meet its burden of proof to show the Defendant committed each and every element as to Count 1. The Defendant is therefore entitled to a judgement of acquittal.

## IV.

## Rule 33 Motion for New Trial

**A.    Standard for Review**

When considering a motion for new trial, the power of the Court is broader than when considering a Rule 29 motion for judgment of acquittal. Wright, *Federal Practice and Procedure, Criminal 3d.*, § 553, p.467, citing *Tibbs v. Florida*, 457 U.S. 31, 37 (1982). A court may weigh the evidence and consider the credibility of witnesses. *Id.* If the Court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the verdict is set aside and a new trial granted. *Id.* at 468. The Fifth Circuit has ruled that a new trial should be granted when "the evidence preponderates heavily against the verdict." *United States v. Sinclair*, 438 F.2d. 50, 51 n.1 (5th Cir. 1971), quoted in *United States v. Arnold*, 416 F.3d. 349, 360.18 (5th Cir. 2005). A court may grant a new trial in the interest of justice. Rule 33(a), Fed. R. Crim. Pro.; *United States v. Arnold*, *supra* at 360. Any error serious enough to require reversal on appeal is an adequate ground for granting a new trial. Wright, *supra* § 556, p. 530. These grounds may include exclusion of evidence, *United States v. Smith*, 507 F.2d. 710 (4th Cir. 1974), admission of improper evidence, *United States v. Whitaker*, 619 F.2d. 1142 (5th Cir. 1980), variance between the indictment and the proof, and instructions to the jury. *United States v. Eastern Medical Billing,*

*Inc.*, 230 F.3d. 600, 614 (3rd Cir. 2000); Wright, supra § 556.

B.   **Application of Rule 33 Standard to Review of Rule 29 Grounds**

The Defendant requests that the Court employ the standard of review prescribed by Rule 33 to the grounds raised in Defendant's Rule 29 motion for judgment of acquittal. The Court should weigh the evidence and consider the credibility of the witnesses, rather than simply reviewing the evidence in the light most favorable to the government.

If the Court does not grant the Defendant's motion for judgment of acquittal on the grounds set forth in his Rule 29 motion, then the Defendant requests that the Court grant a new trial based on these grounds. If the Court should grant the Defendant a judgment of acquittal pursuant to Rule 29, the Defendant also asks the Court to conditionally grant him a new trial on the same ground in case the motion for judgment of acquittal is vacated or reversed. *United States v. Ward*, 274 F.3d 1320, 1322-23 (11th Cir. 2001).

WHEREFORE, the Defendant prays that the Court enter a judgment of acquittal, or alternatively, grant the Defendant a new trial.

Respectfully Submitted,

*/s/ Paul T. Lund*
Paul T. Lund
State Bar No. 24070185
900 Jackson Street, Suite 330
Dallas, Texas 75202
Phone: 214-871-4900
Fax: 214-613-1067
Email: plund@bp-g.com

Attorney for Defendant
Naasson Hazzard

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion for Judgment of Acquittal, Motion for New Trial and Authorities in Support Thereof was served electronically upon all parties of record by means of the ECF system on February 13, 2025.

>*/s/ Paul T. Lund*
>
>Paul T. Lund